**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARIO JEOVANI CHIRIBOGA SALAZAR,

Petitioner,

v. Case No. 2:26-cv-02101 KWR-SCY

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER GRANTING IN PART HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE detention. Petitioner has been mandatorily detained without a bond hearing. As explained below, the Court concludes that Petitioner's detention is governed by the discretionary detention provision under § 1226(a) as he is not seeking admission into the United States, and he is entitled to a bond hearing. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to release Petitioner.

**BACKGROUND**

Petitioner is a citizen of Ecuador in ICE detention at the Otero County Processing Center. *See* Doc. 18 at 1; Doc. 19 at 2 (stating that Petitioner was transferred to Otero County). He has lived in the United States since October 2022.

Petitioner asserts that he applied for a U Visa, and he asserts he was granted deferred action, valid until February 19, 2029. Doc. 1 at 17. Petitioner asserts that, because he was granted deferred action, he cannot be removed. Respondents do not expressly dispute this contention. However, it appears that Petitioner was ordered removed on July 21, 2025. Doc. 7 at 3. Petitioner appealed his removal order, and his appeal remains pending. *Id.* Petitioner was detained on January 20, 2026 in Minnesota.

Respondents do not assert that Petitioner has any criminal history. Petitioner asserts he has no criminal history. Doc. 1 at 20.

It appears Petitioner has not received a bond hearing. On September 5, 2025, the Board of Immigration Appeals issued a decision holding that immigration judges lack authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). In sum, it appears that Petitioner has remained in federal immigration custody without an opportunity to have a bond hearing because his detention has been classified as mandatory under 8 U.S.C. § 1225(b).

Petitioner asserts that *Santillan Quiroz* is controlling authority in this case and his detention is governed by 8 U.S.C. § 1226(a). *See* Doc. 27 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

Petitioner asserts the following claims. First, he asserts that his detention violates substantive due process because he is not a flight risk or danger to the community, and he has received deferred action. He asserts that his deferred action means he cannot be removed. Second, Petitioner asserts that his detention violates procedural due process. Third, Petitioner asserts that his detention without a bond hearing violates the INA and procedural due process, as he is entitled to a bond hearing under § 1226(a). Fourth, Petitioner asserts that his arrest without a warrant violates the Fourth Amendment.

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). *See* Doc. 6 at 5. But they do not contest his substantive or procedural due process claims.

This case was transferred from the District of Minnesota to the Western District of Texas, before ultimately being transferred to the District of New Mexico.

## LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

### I. <u>The discretionary detention provision under 8 U.S.C. § 1226(a) applies to Petitioner, rather than the mandatory detention provision under 8 U.S.C. § 1225(b)(2)(A)</u>.

Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) as he has been present in the United States for years and is not seeking admission into the United States. Mandatory detention under § 1225(b)(2)(A) only applies to noncitizens "seeking admission" into the United States. Despite this statutory language, Respondents argue that the mandatory detention provision under § 1225(b)(2)(A) applies here, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained while present in the United States. He lived in the United States for years prior to his detention, and Respondents do not assert that he was detained at the border or detained while attempting to enter the United States. The statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States for years. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *see also Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a).[1]

Petitioner asserts that he should be released. He asserts he cannot be removed because he was granted deferred action. Doc. 1 at 14. Respondents did not dispute this contention in their Response. Notably, Respondents do not contest Petitioner's substantive or procedural due process

---

[1] Respondents do not argue that Petitioner was paroled into the United States, that his parole was revoked, or that any revocation of his parole is a basis to mandatorily detain him.

claims.[2] Because they do not dispute that he cannot be removed at this time, the Court assumes it is true.

In essence, habeas is "a remedy for unlawful executive detention. The typical remedy is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. The Court sees no reason to hold Petitioner in detention if he cannot be removed. *See, e.g, Chavez v. Noem*, No. 2:26-CV-00161-RJS, 2026 WL 800684, at *4 (D. Utah Mar. 23, 2026) ("Because Chavez still possesses deferred action status, his detention appears to be indefinite and therefore requires release."). Respondents do not assert that Petitioner has any criminal history. Therefore, the Court orders his release.

## CONCLUSION

The Court concludes that Petitioner's detention pending a decision on whether he should be removed from the United States is governed by § 1226(a) as opposed to § 1225(b)(2)(A). Accordingly, the Petition (Doc. 1) is granted in part. Respondents are directed to release Petitioner immediately.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[2] If Petitioner cannot be removed, his detention is merely punitive and does not serve any governmental interest. Respondents do not assert that his detention serves any interest here, and do not contest the substantive or procedural due process claims. *See* Doc. 6.